## COLE, AS SHERIFF AND COLLECTOR v. BLACKWELL.

1. SCHOOLS: *Levying tax for special school districts: Injunction.*
   So much of *section 5524 of Gantt's Digest* as authorized the board of supervisors to levy the district school taxes in cities and towns organized into single school districts, upon the estimate of the board of school directors, and without a vote of the electors of the district, was abrogated and repealed by section 3, Art. XIV, of the Constitution of 1874, and the collection of a tax so levied may be enjoined.

APPEAL from *Yell* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

## STATEMENT.

James M. Blackwell, for himself and other resident tax-payers of Dardanelle special school district, in Yell county, filed his complaint in equity in the Yell Circuit Court for the Dardanelle district, against the appellant, to enjoin the collection of a special school tax levied by the county court for the maintenance of a free school in the district, alleging that at an election held by order of the board of directors on the — day of —— 1879, in the town of Dardanelle, to determine whether a special tax should be levied for the support of a free school in said district, for the year 1880, a large majority of the voters voted against such levy, but that the board of directors of the district had, nevertheless, made to the county court an estimate of the amount necessary for such school, and the court had upon such estimate, and the recommendation of said directors, levied a tax of two and a half mills on the dollar of the taxable property of the district, which said collector was proceeding to collect. That the plaintiff was a resident tax-payer of the district, and the tax was illegal and oppressive, etc. Prayer for injunction to restrain the collection of the tax. The injunction was ordered by the circuit judge in vacation, and was issued and served upon the defendant, and at the return term he answered that the district was a special school district, organized under an act of the Legislature approved February 4th, 1879, entitled "An Act for the better regulation of public schools in cities and towns," and embracing the town of Dardanelle, and was acting under the provision of *sections* 5513 *to* 5537, *Gantt's Digest*. That at a regular meeting of the board of directors, held in pursuance of *section* 5524, *Gantt's Digest*, said board made and certified to the county court an estimate of the amount necessary to support a free

public school in said district, for the year 1880, in addition to the amount that would be received from the State, and the court had, thereupon, levied said tax of two and a half mills on the dollar of the taxable property of the district; and thereupon said board of directors had employed teachers, who had then been teaching seven months, and the citizens of the district had had the benefit of their services, and they should be paid; and he denies that there is any law authorizing an election by the qualified electors of a special school district, organized under the act first above mentioned, to determine as to levying a school tax; and asserts that under that act when the board of directors, who numbered six, shall make and certify the estimate to the county court, the court has no alternative but to levy the tax; and he insists that the injunction should not, at any rate, have been applied to any other than the property of the plaintiff. He prays for its dissolution and the dismissal of the complaint.

The cause was heard upon the pleadings, and the Chancellor, holding that the levy of the tax without the authority of a vote of the electors of the district, was illegal, made the injunction perpetual, and the defendant appealed to this court.

*W. N. May*, for appellant:

Argues that *sec.* 5524 and other sections *Gantt's Dig.* were not abrogated or repealed by *sec.* 3, *Art.* 14, *Const.* 1874, but were still in full force and effect. Sec. 3 manifestly referred *alone* to the *common* school districts where there were only three trustees, and not to *special* school districts with six directors under the school law for cities and towns.

*Clark & Williams, contra.*
34—38

HARRISON, J.   So much of *sec.* 5524 *of Gantt's Digest* as conferred authority upon the board of supervisors, (now county court,) to levy the district school tax in cities and towns, organized into and established as single school districts, upon the estimate of the board of school directors and without a vote of the electors of the district, was abrogated and repealed by *section* 3, *of Art. XIV.*, of the present Constitution, which is as follows.

"Section 3.   The General Assembly shall provide by general laws for the support of common schools by taxes, which shall never exceed in one year two mills on the dollar on the taxable property of the State, and by an annual *per capita* tax of one dollar, to be assessed on every male inhabitant of this State, over the age of twenty-one years ; *Provided,* The General Assembly may, by general law, authorize school districts to levy, by a vote of the qualified electors of such district, a tax, not to exceed five mills on the dollar in any one year, for school purposes ; *Provided, further,* That no such tax shall be appropriated to any other purpose, nor to any other district than that for which it was levied."

It is thus seen that the power to levy the tax now belongs to the district and is exercised by a vote of the electors, and belongs to all districts alike, and that the levy of such tax is not within the jurisdiction of the county court.

The tax sought to be enjoined, having been levied by the county court, and not by the electors of the district, was, therefore, illegal and void.   *Hodgkin* v. *Fry, collector,* 33 *Ark.,* 716 ; *Worthen, county clerk,* v. *Badgett et al.,* 32 *Ark.,* 496 ; *Cairo & Fulton R. R. Co.* v. *Parks, Ib.,* 131 ; *Murphy* v. *Harbison et al.,* 29 *Ark.,* 340.

The decree is affirmed.