ten dollars.   His intent was to take more than that sum if he could find it, hence the intent to commit a felony.

Where an assault upon a person with intent to steal from his pocket is a criminal offence, it is no answer to the indictment, as has been frequently held, that the pocket was empty. *1 Bish. Cr. Law, sec. 743, et seq.*

The same rule was applied in a recent Ohio case, where one who was indicted for breaking into a building with intent to steal money which he supposed was in a safe, though in fact the safe contained no money.   A conviction of burglary was sustained.   *State v. Beall, 37 Ohio St., 108.*

In the case of this appellant his acts and declarations show that he intended to appropriate the contents of the safe, whether much or little.   The unforseen circumstance of the barber's light till, which alone prevented him from taking more than ten dollars, tends no more to remove the felonious intent than if he had been unexpectedly driven away from the fullest coffers by a physical force which rendered his intent to help himself to great wealth impossible.

Affirmed.

PULASKI COUNTY BOARD OF EQUALIZATION CASES.

BAIRD v. WILLIAMS.

APPEAL from *Pulaski* Chancery Court.
D. W. CARROLL, Chancellor.

KAHN v. VAUGHAN AND STIFFT v. VAUGHAN.

APPEALS from *Pulaski* Circuit Court.
J. W. MARTIN, Judge.