McDANIEL v. TEXARKANA COOPERAGE & MANUFACTURING

COMPANY.

Opinion delivered March 14, 1910.

1. TAXATION—FOREIGN CORPORATION—PERSONAL PROPERTY.—The personal property of a foreign corporation that is used or employed in this State is taxable here like similar property of domestic corporations or citizens. (Page 237.)

2. SAME—LEGISLATIVE POWER.—The Legislature has the power to tax all property in this State that is not exempted by the Constitution, and may provide when and how taxes may be levied and collected. (Page 238.)

3. SAME—DOMICILE OF FOREIGN CORPORATION.—Where a foreign corporation has established a domicile in one county of this State, all of its personal property situated in another county of the State is taxable in the former county. (Page 238.)

4. SAME—INJUNCTION AGAINST ILLEGAL TAX.—Any taxpayer, citizen or corporation has the right, under Kirby's Digest, § 3966, to obtain from a court of equity an injunction against the collection of an illegal or unauthorized tax. (Page 239.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor, affirmed.

*C. W. McKay* and *J. G. Lile,* for appellant.

The statute, Kirby's Digest, § 6936, does not provide for any data from which it can be determined how much property a foreign corporation, authorized to transact business here, has in the State, hence it is of no force as to such a corporation. But it is admitted that appellee has not complied with that statute, nor with § § 832 and 833, Kirby's Digest. It is in no position to come into equity demanding the relief prayed for. If the assessment was excessive or erroneous, the county court was the proper forum in which to seek relief. Art. 7, § 28, Const. Ark.; Kirby's Dig. § § 6998, 7003; 49 Ark. 518.

*Stevens & Stevens,* for appellee.

The appellee's property in the State is subject to assessment for taxation in the county of its domicil only. Kirby's Dig. § 6936; 78 Ark. 191. Appellant, having admitted that appellee is a foreign corporation and had filed its corporate papers with the proper officers of the State, cannot now question its corporate existence. 68 Ark. 134. Appellee has the right to maintain this suit. Kirby's Dig. § 833; 70 Ark. 525. And equity is the proper forum. Kirby's Dig. § 3966; 30 Ark. 278.

FRAUENTHAL, J. This was an action instituted by the appellee to restrain the collection of certain alleged illegal and unauthorized taxes levied on its property and to enjoin the sale thereof under said distraint. The appellee is a corporation duly formed under the laws of the State of Texas. On August 15, 1899, it filed in the office of the Secretary of State a copy of its articles of incorporation, and designated an agent upon whom service of summons and other process might be served, and received from the Secretary of State a certified copy of its articles evidencing that it had complied with the provisions of the act of February 16, 1899 (Kirby's Dig. § 825 *et seq.*), authorizing foreign corporations to do business in this State, and entitling them to all the rights and benefits therein conferred. Under the evidence adduced in the case, it established its principal place of business and governing office in this State at Stephens, in Ouachita County, and has maintained its principal place of

business and governing office in this State at that place ever since 1899. In 1906 it assessed all its personal property in Ouachita County for that year, and paid the taxes levied thereon in that county. It owned certain personal property, consisting of portable mills, staves and bolts, which were located in Columbia County in June, 1906. The assessor of Columbia County assessed this personal property in Columbia County for the year of 1906, and taxes were extended against the same for that year in that county. These taxes not being paid, the collector of Columbia County distrained said property for said taxes, and was proceeding to sell same when he was restrained by an injunction of the chancellor of the Columbia Chancery Court, which injunction was subsequently made perpetual by the decree of said court.

The question involved in this case is whether the appellee, a foreign corporation, which had complied with the laws of this State and established its principal place of business in Ouachita County, was required to assess and pay taxes on its personal property situated in Columbia County to the collector of said county, or whether it was required to pay taxes on all its personal property, wherever situated in the State, to the collector of Ouachita County. The appellee is a foreign corporation formed under the laws of the State of Texas, but it had brought into this State certain personal property and was transacting business in this State. Where a corporation of one State brings into another State a part of its personal property which is not in transit but is used and employed therein, it may be taxed by the latter State like similar property used in a similar way by its domestic corporations or citizens.

As is said in case of *Pullman Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18: "No general principles of law are better settled or more fundamental than that the legislative power of every State extends to all property within its borders, and that only so far as the comity of that State allows can such property be affected by the law of any other State." Property of the citizen or corporation of another State that is used and employed chiefly in this State is subject to taxation in this State. *Eoff* v. *Kennefick-Hammond Co..* 80 Ark. 138.

The Legislature has the power to make all property in this State subject to taxation, except property exempted by the Constitution. It has the power to provide where and in what manner said taxes shall be levied and collected; and it may classify corporations and corporate interests for the purposes of taxation, and specify the mode of the assessment, levy and collection of the taxes on corporate properties and interests.

By art. 12, § 11, of Constitution of 1874, it is provided that foreign corporations may be authorized to do business in this State under such limitations as may be prescribed by law. The act of February 16, 1899, prescribed the things that should be done by a foreign corporation in order to do business in this State (Kirby's Digest, § 825 *et seq.*) ; and on August 15, 1899, the appellee complied with the provisions of that act. By that act it was further provided that "such corporations shall be entitled to all the rights and privileges and subject to all the penalties conferred and imposed by the laws of this State upon similar corporations formed and existing under the laws of this State." (Kirby's Digest, § 828.)

For the purposes of taxing the properties of foreign corporations employed in this State, the Legislature has placed foreign corporations in a classification with domestic corporations, and has provided for the assessment of the properties of such foreign corporations in a similar manner. By section 6936 of Kirby's Digest, it is provided that "gas, telephone, bridge, street railroad, savings banks, mutual loans, building, transportation, construction and all other companies, corporations or associations, incorporated under the laws of this State, or under the laws of another State and doing business in this State, * * * shall, through their president, secretary, principal accounting officer or agent, annually during the month of July make out and deliver to the assessor of the county where said corporation is located or doing business a sworn statement of the capital stock setting forth particularly." etc.

In the case of *Harris Lumber Co.* v. *Grandstaff,* 78 Ark. 187, it was held that the object of this statute is to secure a list of the personal property of the corporation for assessment. In construing that statute this court held in that case that all the personal property of a domestic corporation should be assessed in the county of its domicil, and that the principal place of

business of such corporation was in respect to its personalty
the proper place of taxation; and that the assessment and tax-
ation of its personal property in any other county was illegal.
Foreign corporations are specifically named in this statute, and
its provisions are made to apply to such corporations in like
manner as they apply to domestic corporations. The object of
this statute is also therefore to secure a list of the personal prop-
erty of foreign corporations doing business in this State, and
which is employed in this State, for assessment. The principal
place of business and the situs of the governing office of such
foreign corporation in this State is its domicil in this State
and, in respect to personal property, is the proper place of
taxation.

The mere fact that the corporation in making the assess-
ment of its properties employed in this State to the proper official
of Ouachita County did not make the formal list prescribed by
section 6936 of Kirby's Digest would not make its personal
property subject to taxation in another county. It is presumed
that the officials of Ouachita County have complied with the
provisions of the law in the mode of assessing the property of
this corporation, and in any event the officials of that county
have full power over the assessment and collection of the taxes
of this corporation domiciled in their county. The assessment
and taxation of the personal property of appellee in Columbia
County are illegal.

It is urged by counsel for appellant that the appellee is not
entitled to the equitable remedy of injunction because it could
have appeared before the county court of Columbia County and
obtained relief, or by appeal from that court in event such relief
was denied. But by section 3966 of Kirby's Digest it is provided
that injunctions and restraining orders may be granted in all
cases of illegal or unauthorized taxes and assessments by county,
city or other local tribunals or officers. A taxpayer, citizen or
corporation has the right to obtain from a court of equity an
injunction against the collection of an illegal or unauthorized
tax. *Vaughan* v. *Bowie,* 30 Ark. 278; *Brodie* v. *McCabe,* 33
Ark. 690; *Cole* v. *Blackwell,* 38 Ark. 271; *St. Louis Southwestern
Ry. Co.* v. *Kavanaugh,* 78 Ark. 468; *Dreyfus* v. *Boone,* 88 Ark.
353; *Merwin* v. *Fussell,* 93 Ark. 336.

The decree is affirmed.