WATERS-PIERCE OIL COMPANY *v.* ROBERTS.

Opinion delivered October 10, 1910.

TAXATION—BOARDS OF EQUALIZATION—TIME OF COMPLETING WORK.—Kirby's Digest, § 6998, requiring boards of equalization to give notice to the owners of property raised in valuation, and requiring the owners of such property to appear before the county court on the first Monday in October to show cause why the valuation should not be raised, contemplates that the equalization of assessments shall be completed before the county court meets in October, and any action taken by the board of equalization after that date is void.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*J. D. Johnson* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. It is settled that an injunction will lie to restrain the collection of illegal or unauthorized taxes, and the court therefore had jurisdiction. Kirby's Digest, § 3966; art. 16., § 3, Const.; 124 S. W. 1021; 126 S. W. 727.

2. A county board of equalization must complete its work before the first Monday in October. Kirby's Digest, § 6998, § 1499 sub-div. 1 and 6, § 1500. The same principle applies here as in the case of circuit courts where, it is held that the term of the court in one county is necessarily terminated by the coming of the time for holding the court in another county in the same circuit. 48 Ark. 227; 69 Ark. 457; 82 Ark. 189; 20 Ark. 77; 24 Ark. 479; 27 Ark. 414; 32 Ark. 676; 29 Ark. 239. See also 3 Ark. 1; 48 Ark. 151; 55 Ark. 213; 84 Ark. 347; 90 Ark. 419; 49 Ark. 519.

3. The notes and accounts of appellant were not taxable in this State. *Prima facie* the *situs* of debt for the purposes of taxation is the domicil of the creditor. 15 Wall. 300; 100 U. S. 498; 24 So. 224; 153 U. S. 628; 44 La. Ann. 760; *Id.* 765; 67 Md. 112; 59 Ind. 472; 54 Ia. 67; 3 Col. 349; 3 Ariz. 180; 60 Pac. 574; 25 So. 970; 15 Mont. 462; 150 N. Y. 5.

*George L. Basham, James A. Gray* and *David A. Gates,* for appellee.

1. There is nothing in the statutes creating the board of equalization and defining its duties which either expressly or by fair implication limits the term of the board. Kirby's Digest, § § 6991-7008. With respect to raises in the valuation of personal property, appeals may be made to the county court, and relief may be granted at any time before the end of tax-paying time—April 10. Kirby's Digest, § 7003. See 90 Ark. 413. Boards of equalization are not courts, and their functions are merely ministerial. 46 Ark. 383. And the principle limiting the term of a circuit court has no application.

Statutes limiting the time of assessing or equalizing the value of property for taxation are directory, and not mandatory.

46 Ark. 383; 3 Mass. 231; 2 Denio, 160; Cooley on Taxation, 486; 44 Minn. 12; 31 Minn. 373; 101 Ia. 458; 93 Ky. 230; 34 Mich. 481; 63 Fed. 82; 46 Pa. St. 358; 13 Wall. 506; 15 Nev. 388; 34 Ark. 491; 6 Wend. 486; 26 Ala. 619; 3 Hill 42; 29 Md. 516; 104 N. Y. 377; 106 N. Y. 330; 58 N. Y. 401; 58 Ala. 456; 43 Ark. 244; 116 Cal. 351.

2. The notes and accounts of appellant, acquired in the transaction of its business in this State, are taxable in this State. While it is the rule that, for purposes of distribution, notes, accounts, etc., follow the domicil of the owner, yet for purposes of taxation each case depends upon its particular facts and circumstances. Personal property, whether tangible or intangible, must pay taxes to the sovereignty within whose jurisdiction it may be situated. Kirby's Digest, § § 6973, 6904, 6910, 6916, 6917; 32 Pa. 381; 21 Vt. 159; 14 Kan. 588; 19 Kan. 414; 48 N. Y. 390; 88 N. Y. 576; 23 N. Y. 238; 51 Barb. 352; 35 Minn. 215; 28 Cal. 533; 5 S. Dak. 84; 18 Ore. 377; 19 Neb. 50; 47 Mo. 594; 106 Ill. 25; 87 N. C. 122; 175 U. S. 307; 177 U. S. 143; 35 Minn. 215; 191 U. S. 388; Desty on Taxation, 322, § 67; Burroughs on Taxation, § 50; 118 Ga. 552; 115 Ga. 140; 2 L. R. A. (N. S.) 637; 10 *Id.* 920; 12 *Id.* 907.

3. A corporation doing an interstate business should be taxed in each State in the proportion the capital employed therein bears to the total capital employed in its business. 166 U. S. 186; 63 Ark. 576.

4. No question having been raised as to the amount of credits carried by the Arkansas business of appellant, the assessment as to amount must be assumed to be correct. Even if the board of equalization could not legally act after the first Monday in October, yet, if these credits are taxable in this State, a court of chancery ought not to interfere by injunction to relieve appellant of a tax *due and unpaid.*

McCulloch, C. J. At a session of the board of equalization of Pulaski County, held on November 18, 1909, the sum of $35,000 was added to appellant's assessment of personal property in that county. The taxes were extended on the tax books according to the valuation thus augmented, and appellant now seeks by injunction to prevent the collection of the additional

amount. It is claimed that the board of equalization was without authority to alter assessments after the time fixed by law for the October term of the county court.

It is clear to us, from the language of the statute, that the Legislature intended that the county boards of equalization should complete their labors in the equalization of assessments within the period between the second Monday in September and the meeting of the county court in October, so that complaints of the action of the board can be disposed of by the county court at the October term thereof. The statute provides that said boards shall meet on the second Monday in September of each year, except in counties having two judicial districts the board for the district where the levying court does not meet shall meet on the first Monday in September and proceed to equalize the property of the district. Other sections of the statute bearing on the question read as follows:

"Sec. 6998. The county board of equalization in every instance where it raises the valuation of any property, personal or real, shall give to the owners of the property so raised in valuation, or their agents, notice by postal card or otherwise through the mails of such increase in value, stating the valuation as returned by the assessor and the valuation as fixed by the board, and said notice shall advise the owners of such property or their agents that they may appear before the county courts of their county at the terms thereof to be begun and held at the county seat on the first Monday of October next following the session of said board, and show cause, if any they can, why the valuation of their property should not have been raised.

"Sec. 6999. The board of equalization shall attend at said term of said court and show cause, if any they can, why such valuations were raised in cases where complaint is made of such increase. The county court shall hear and determine all complaints made by the owners or agents of such property and approve or reject the action of said board as the facts may warrant, and such action of the county court shall be final unless the owner or agents of such property as make complaint shall take an appeal to the circuit court."

It is to be especially noted that the foregoing sections of the statute provide for notice to property owners in time to

be heard at the October term of the county court, and that the members of the equalization board shall attend at said term of the court and answer the complaints of such property owners. Under the statute, owners of real estate are limited to that term of the county court in presenting their complaints. *Clay County* v. *Brown Lumber Co.,* 90 Ark. 413.

This court, in an opinion by Chief Justice COCKRILL, has already placed this construction on the statute. *Baird* v. *Williams,* 49 Ark. 518. It was there said: "It would be attributing folly to the Legislature to hold that complaint to the board is a condition to the exercise of its powers, when the party against whom the complaint is made is not to be notified and cannot demand a hearing. The session is limited to two or three weeks. The delay of waiting to be moved, of giving notice to all concerned, and of hearing each individual, would render the main functions of the board impossible of performance."

A more serious question is presented in determining whether the statutory provision for the completion of the equalization of assessments before the county court meets in October is mandatory or merely directory. The rule is well settled, not only by decisions of this court, but by the great weight of authority elsewhere, that a statute specifying a time within which a public officer or board is to perform an official act concerning the assessment and collection of taxes is directory merely as to the time within which the act is to be done unless, from the nature of the act or the phraseology of the statute, the designation of time must reasonably be construed a limitation upon the exercise of such power, or unless the performance of the act within the specified time may materially affect individual rights. *Moore* v. *Turner,* 43 Ark. 244.

In the case just cited the court was construing a statute requiring the county assessor to deliver his assessment lists to the county clerk on or before the third Monday in September, and it was decided that the statutory provision was merely directory. The court said: "The obvious nature of the act is to have it (the assessment list) before the court for inspection when taxes are levied, unless we may further perceive that a failure to file it at the time prescribed, has the effect also

to preclude a just right. This would give the time an essential nature."

Now, when it is remembered that the owner of real estate must obtain relief from an overvaluation of his property by the equalization board, if he does so at all, by application to the county court at the October term thereof, the conclusion is irresistible that the Legislature meant, as a mandatory provision of the law, to require boards of equalization to complete the work of equalizing the valuations of property before the county court convenes in October. It is true that, as to personal property, the owner is given the right to apply to the county court for relief from overvaluation at any time before the collector of taxes closes his books (Kirby's Digest, § 7003); but we fail to discover any intention of the lawmakers to authorize the board of equalization to remain in session longer for the equalization of the values of the one kind of property than of the other. The work of the board is intended to be continuous, and the provision with reference to completing the work of equalization before the October term of the court applies to all kinds of property.

The statute, when thus interpreted, provides an orderly mode of completing the valuation of property for purposes of taxation, and amply safeguards the property owner from unjust overvaluation. After the assessor completes the assessment of values, the board of equalization, within a given time, equalizes the values by increasing or reducing, as the case may be, so as to accomplish the desired scheme of equalization. Then the county court hears applications of property owners for relief from overvaluation. This completes the scheme of assessment, and the taxes levied by the quorum court are extended on the tax books by the clerk according to the equalized values. Speaking of this, the court in *Baird* v. *Williams, supra,* said: "The remedy provided by the statute for the correction of errors made by the board is a protection against injury to the individual. The statute requires a record to be made of the proceedings of the board; like all other records, they are open to the inspection of the public; and, at a term of the county court held thereafter, at a time and place specifically designated by statute, the opportunity to appear and show cause against

the findings of the board is provided. A notice through the mails to the taxpayer whose assessment is increased is also required out of an abundance of caution. The party aggrieved is thus afforded the opportunity to appear before a judicial tribunal to have his rights adjudged before he has suffered any injury."

Though the placing of this time limitation on the work of the equalization boards may, at this day, seriously hamper them to an extent not anticipated by the Legislature when it enacted the statute more than two decades ago, still that is a matter for the Legislature to consider now, and not one which appeals to this court in construing the statute. It is our duty to interpret the statute according to settled rules of construction, and not according to what the law should be.

This construction of the statute leads to the decision that the action of the equalization board in increasing the valuation of appellant's property was without authority and void, and the collection of the increased assessment of taxes should be restrained. The decree of the chancery court is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Mr. Justice WOOD dissents.

Mr. Justice BATTLE not participating.