McDOUGAL, Sheriff, etc., v. MUDGE et al.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1916.)

No. 4478.

1. TAXATION ☞608(10)—REMEDY FOR WRONGFUL ENFORCEMENT—INJUNCTION.

Laws Ark. 1909, p. 764, creating the state tax commission, gives it comprehensive powers in aid of its functions as a board of equalization, to the end that all assessments on property, privileges, and franchises in the state shall be made in relative proportion to the just and true value thereof, in substantial compliance with the law, and requires such board to examine and compare the rates of the assessments of property in the several counties of the state, and to proceed to equalize the same, so that all property shall bear its equal and just proportion of taxes of the different counties. The tax commission assessed the property of railroad corporations on a basis of 50 per cent. of its actual value, in conformity with customary assessments on other property. The county board of equalization thereafter reduced all assessments in the county, except that of railroads, to 25 per cent. *Held*, that as the state tax commission was given powers of equalization, and it was the legislative intent that such body should grant relief in such cases, the railroad company discriminated against by such assessment cannot in the first instance be granted an injunction, but must first apply to the commission.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1239; Dec. Dig. ☞608(10).]

2. TAXATION ☞608(10)—RESTRAINING TAX—REMEDIES—SCOPE OF.

Under Const. Ark. art. 16, § 13, and Kirby's Dig. § 3966, authorizing an injunction against any illegal exaction whatever, as well as any illegal or unauthorized taxes, an injunction against the collection of such taxes cannot be granted; there being a remedy by application to the state tax commission, and the taxes not being illegal, within the intent of those provisions.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1239; Dec. Dig. ☞608(10).]

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Bill for injunction by Henry U. Mudge and Jacob M. Dickinson, receivers of the Chicago, Rock Island & Pacific Railway Company, against J. F. McDougal, Sheriff and Tax Collector of St. Francis County, State of Arkansas. From an order granting a temporary injunction (222 Fed. 562), defendant appeals. Reversed, with directions to dismiss the bill.

James P. Clarke, of Little Rock, Ark., for appellant.

Thomas S. Buzbee, of Little Rock, Ark., for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. The Chicago, Rock Island & Pacific Railway Company sued the tax collector of St. Francis county, Ark., to enjoin the collection of the taxes of 1914 against its railroad property because of an unequal, discriminating valuation. Receivers subsequently appointed were substituted as plaintiffs. A temporary injunction was granted, and the tax collector appealed.

Under the statutes of Arkansas the property of railroad companies and certain other corporations is assessed by the state tax commission, and the ascertained valuation is apportioned among the various counties and subordinate divisions thereof in which the property is located, and accordingly certified to the local county authorities. All other property, real and personal, in the several counties, is valued by local assessors. There are county boards of equalization, with authority to equalize the valuations of property within their respective jurisdictions, excepting the property of the corporations mentioned. The state tax commission acts as a state board of equalization, with jurisdiction over the valuations directly made by them as above noted and also over the aggregates of local valuations as equalized by the county boards.

The Constitution of Arkansas provides that all property shall be taxed according to its value, and that no one species subject to taxation shall be taxed higher than another of equal value. Article 16, § 5. Nevertheless it was a custom in that state for the local officials to extend upon the assessment rolls but 50 per cent. of the ascertained true value of the property locally assessed. The state tax commission yielded to the custom by certifying down a like per cent. of the valuations of railroad and other corporate property they assessed. In 1914, after the valuation so reduced by the state tax commission had been certified down and extended on the assessment rolls, and after the other property in St. Francis county had been locally assessed on a like basis, the county board of equalization cut in two the local valuations, leaving those certified untouched. The result of this was that the property of plaintiff and other corporations similarly situated was assessed and taxed at half its value, while all other real and personal property in the county was assessed and taxed at but a quarter of its value. The plaintiff, offering to pay taxes on the latter basis, brought this suit to enjoin the excess. The defendant moved to dismiss the bill of complaint on a number of grounds, one of which was that plaintiff had not availed itself of the statutory remedies for the

correction of the wrong asserted. The motion does not seem to have been passed upon; but, if it was well taken, the bill of complaint should have been dismissed, and that result can be directed on appeal.

[1] If the practice of assessing on a basis of 50 per cent. of the true value were carried out uniformly as to all subjects of taxation in the state, a property owner could not justly complain of discrimination against him, but what was done in St. Francis county discriminated, not only against the owners of property there which was not embraced in the local reduction, but against the owners of all taxable property elsewhere in the state. It remains, however, to consider the appropriate remedy. The state tax commission, created by an Arkansas statute (Laws 1909, p. 764), was given comprehensive powers in aid of its functions as a board of equalization "to the end that all assessments on property, privileges and franchises in the state shall be made in relative proportion to the just and true value thereof, in substantial compliance with the law." When sitting as a state board of equalization it acted, not only upon its own direct valuations of railroad and other corporate property, but also upon the valuations of all other property established or confirmed by the county boards of equalization. As to the latter its power was exercised upon the aggregate valuations by way of addition to or deduction from totals. As a board of equalization they were to "examine and compare the returns of the assessment of property in the several counties of the state and proceed to equalize the same, so that all the taxable property in the state shall be assessed at its true value and that all property shall bear its equal and just proportion of the taxes of the different counties of the state."

We think that in performing their duties the state board of equalization were authorized to bring the equalized valuations of the county boards into comparison with their own valuations of railroad property. In no other way could the manifest intent of the legislation as to state-wide equality and uniformity be secured. We also think the clear legislative intent was that the state board of equalization should be a primary administrative tribunal for the hearing and correction of complaints like that made in this case, and that with such an expeditious and effective remedy at hand a complainant cannot ignore it if he desires redress. Such a complaint in this case would doubtless have resulted in a correction of the discrimination—very probably in the vacation of the unauthorized action of the county authorities. An injunction by a court in the first instance would not completely correct the wrong complained of, but would simply add the plaintiff to the number of taxpayers illegally favored. Of course a person is not to be denied a judicial remedy because others similarly situated do not seek it; but where a statute provides a simple administrative method of correcting discriminations in assessments and of securing uniformity throughout the state it should be tried out before a resort to a federal court of equity. That is the prevailing rule in the courts of the United States.

Counsel cites Bank of Jonesboro v. Hampton, 92 Ark. 492, 123 S. W. 753, to the effect that the state board has no power to equalize in-

dividual assessments. But individual assessments within the meaning of that decision are the valuations made by the local assessors upon which the county boards of equalization have already acted. When such assessments come before the state board, they then meet those of railroad and other corporate property with which they have not before been compared by competent authority. As already observed, the state board takes the local results by county or subdivisional aggregates, not by individual constituent units, and we think that when so taken they may be compared, not only with similar returns from other counties, but with the valuations made by the state tax commission of the class of property within their cognizance. A contrary construction is not required by the letter or spirit of the statute and would open wide the door to discrimination.

[2] It is also urged that the Constitution of Arkansas (article 16, § 13) and a statute (Kirby's Digest, § 3966) as construed by the Supreme Court of the state expressly authorize the judicial remedy of injunction. The words of the Constitution are "any illegal exaction whatever"; those of the statute are "illegal or unauthorized taxes and assessments." The decisions of the state court cited show that these expressions have been confined to defects or errors which are jurisdictional, and that they have not been extended to those defects or errors committed in the exercise of a jurisdiction conferred as to which a plain and adequate administrative remedy has been provided. In Vaughan v. Bowie, 30 Ark. 278, the injunction was against the excess of a school tax above the maximum rate prescribed by law. In Little Rock v. Barton, 33 Ark. 436, the question was whether the Legislature had power to authorize a municipal occupation tax or license; in Brodie v. McCabe, 33 Ark. 690, whether a tax contracted to be levied to pay bonds stood unimpaired against subsequent legislation. Cole v. Blackwell, 38 Ark. 271, involved a tax levied by a body without power under the law. In Harris Lumber Co. v. Grandstaff, 78 Ark. 187, 95 S. W. 772, the question was whether certain property of a corporation was subject to taxation in a certain county; in Dreyfus v. Boone, 88 Ark. 353, 114 S. W. 718, whether a city ordinance was a valid exercise of the police power, or an attempt to create a monopoly of a private business. In Merwin v. Fussell, 93 Ark. 336, 124 S. W. 1021, the injunction was against a road tax levied under an unconstitutional act of the Legislature. In McDaniel v. Texarkana, etc., Co., 94 Ark. 235, 126 S. W. 727, the plaintiff paid its taxes in the proper county and was granted an injunction against taxes in another county in which its property was not taxable. In Waters-Pierce Oil Co. v. Roberts, 96 Ark. 92, 131 S. W. 205, the county board of equalization raised the taxpayer's valuation after its power to do so had expired and without the notice required by statute to enable him to pursue his statutory remedy. The increase of valuation and the tax thereon were wholly illegal. In Harrison v. Norton, 104 Ark. 16, 148 S. W. 497, and St. Louis, etc., Ry. Co. v. Kavanaugh, 78 Ark. 468, 96 S. W. 409, the question was whether a road tax had been authorized at an election as required by statute.

On the other hand, see Arlington Hotel Co. v. Buchanan, 110 Ark.

34, 160 S. W. 895; Clay County v. Brown Lumber Co., 90 Ark. 413, 119 S. W. 251; Board of Equalization Cases, 49 Ark. 518, 6 S. W. 1. The differences between the case at bar and the cases cited to support the injunction are marked. Here the statutes relating to the assessment and taxation are valid. The plaintiff's property was subject to taxation, and the part in St. Francis county was properly taxable there on the apportioned valuation. The tax rate was not illegal. The valuation upon which the rate was calculated was regularly ascertained and was not inherently excessive; it was but 50 per cent. of the real value. The sole error was a relative one disclosed by a comparison with the assessment of other property in the county, an error the correction of which was essentially the function of a statutory tribunal created specially for the purpose. Resort to that tribunal to secure an adjustment of valuations to a common standard should have been had before a court of equity is called upon to intervene. This question under the Constitution and statutes of Arkansas was recently fully considered by this court in McLaughlin v. Railway, 232 Fed. 579, —— C. C. A. ——, and the same conclusion reached.

The order is reversed, with direction to dismiss the bill of complaint.

⊕⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes