**MISSOURI PAC. R. CO. v. CONWAY AND VILONIA ROAD DIST. OF FAULKNER COUNTY et al. SAME v. CONWAY AND DAMASCUS ROAD DIST. OF FAULKNER COUNTY et al. SAME v. CONWAY AND PAL- ARM ROAD DIST. OF FAULKNER COUNTY et al.**

(Circuit Court of Appeals, Eighth Circuit. April 14, 1922.)

Nos. 5794–5796.

Highways ⚖️142—Statutory proceedings for relief against Arkansas road district assessment is exclusive.

> A provision of Road Laws Ark. 1919, vol. 1, p. 387, § 5, for an appeal by a landowner, deeming himself aggrieved by the assessment of his lands, to the chancery court, with right of appeal to the Supreme Court, provides an exclusive method for review of assessments for a highway, so that suits in equity attacking the assessment must be dismissed.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Three separate suits in equity by the Missouri Pacific Railroad Company against the Conway and Vilonia Road District of Faulkner County and others, against the Conway and Damascus Road District of Faulkner County and others, and against the Conway and Palarm Road District of Faulkner County and others. From a decree in each case, dismissing the complaint for want of equity, the complainant appeals. Affirmed.

Thomas B. Pryor and Vincent M. Miles, both of Ft. Smith, Ark., for appellant.

R. W. Robins, of Conway, Ark., for appellees.

Before CARLAND and LEWIS, Circuit Judges, and POLLOCK, District Judge.

CARLAND, Circuit Judge. These appeals have been submitted as one case. The complaint in each case was dismissed by the court below for want of equity. Counsel for appellees insist that the complaints were rightly dismissed for want of equity, and also for the reason that the state law providing for the levy of the tax in question, provides an exclusive remedy for any person deeming himself aggrieved by the assessment of his lands as shown in the assessment book prepared by the county clerk. As to the last contention, the following statute (Road Laws 1919, vol. 1, p. 387, § 5) providing an appeal in cases like those at bar is called to our attention:

> "Any landowner deeming himself aggrieved by the assessment of his lands as shown in the said assessment book of said district prepared by the county clerk shall have the right to apply to the chancery court of Faulkner county for an order correcting any such assessment, which application shall be by written petition, duly sworn to, and upon which petition process shall issue against said district as upon any other complaint in equity, which application and petition must be filed in the office of the clerk of said chancery court not later than ten days after the filing of said assessment book by said county clerk. Upon the hearing of said petition, which may be heard on oral testimony or on depositions, as the court may order, the chancery court shall make such order as justice may require, and in event any assessment shall be corrected

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by said court, a certified copy of the decree of said court shall be filed with the county clerk, and thereupon the said county clerk shall note in said assessment book the correction as ordered by said court. An appeal may be taken by said land owner, or the board of commissioners, from any such decree of the chancery court to the Supreme Court but said appeal shall be lodged in the Supreme Court not later than thirty days after the rendering of such decree by the chancery court. And for the purpose of hearing any such petition the chancery court of Faulkner county shall at all times be deemed to be open and said petition shall be heard at once and any appeal taken therefrom to the Supreme Court shall be advanced as a matter of public interest."

We are of the opinion that this contention of counsel must be sustained under the rulings of the Supreme Court of the United States and of this court. McDougal v. Mudge, 233 Fed. 235, 147 C. C. A. 241 (8th Circuit); McLaughlin v. St. Louis Southwestern Railway Co., 232 Fed. 579, 146 C. C. A. 537 (8th Circuit). In the last case certiorari was denied. 241 U. S. 679, 36 Sup. Ct. 727, 60 L. Ed. 1233. Counsel for appellant urge that the state statute provides for an administrative proceeding and not a judicial one, citing Missouri Pacific Railroad Co. v. Izard County Highway Improvement District, 143 Ark. 261, 220 S. W. 452. This view of the law was disapproved by the United States Supreme Court in Commissioners of Road Improvement Dist. No. 2 of Lafayette County, Ark., Petitioners, v. St. Louis Southwestern Railway Co. (decided by the Supreme Court Feb. 27, 1922) 257 U. S. ——, 42 Sup. Ct. 250, 66 L. Ed. ——. The law involved in that case was for all practical purposes the same as the law in this case. In addition to the cases cited in McLaughlin v. St. Louis Southwestern Railway Co., supra, the principle that when a state provides a tribunal for the hearing of complaints against an assessment, such tribunal has exclusive jurisdiction, is sustained by the great weight of authority. Cooley on Taxation (3d Ed.) vol. 2, p. 1445; Laws of Special Assessments, Hamilton, § 758; Page & Jones on Taxation by Assessments, vol. 2, p. 2059; 27 Am. & Eng. Enc. of Law (2d Ed.) 726; Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Board of Public Works of West Virginia, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354, and cases cited; Moore v. Yonkers, 235 Fed. 485, 149 C. C. A. 31, 9 A. L. R. 590; Indiana Manufacturing Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; Baldwin Tool Works et al. v. Blue, State Tax Commissioner, et al. (D. C.) 240 Fed. 202.

Decrees affirmed.