JENSEN v. RADIO BROADCASTING COMPANY, INC.

4-7611                                             186 S. W. 2d 931

Opinion delivered April 16, 1945.

*Jay M. Rowland,* for appellant.

*Wootton & Land,* for appellee.

MILLWEE, J.   This appeal is from an order of the Chancery Court temporarily enjoining the appellant, Ray

Jensen, Delinquent Tax Collector of Garland county, from proceeding or taking any action to collect alleged delinquent personal taxes from appellee for the year 1942. The issues are based entirely upon the complaint of appellee, a motion of appellant to dismiss, and the order of the court granting the temporary injunction.

It was alleged in the complaint that appellee assessed all of its personal property with the assessor of Garland county for the year 1942; that the assessment of $2,000, upon which there was a tax due of $73.54, was agreed to by the assessor and was certified to the collector as the taxes due by appellee and were paid and a receipt issued therefor by the collector to appellee; that on November 13, 1944, appellant delivered to appellee a written demand that appellee pay the sum of $3,713.60 to appellant, as collector of delinquent personal taxes, notifying appellee that if said taxes were not paid on or before November 20, 1944, it would be necessary to serve a writ of garnishment or levy a writ of attachment against appellee's personal property.

It was further alleged that no tax of any kind was due by appellee, and that the action of appellant was unwarranted, unlawful and in excess of his authority; that the effect of the action of appellant in threatening to seize, attach and garnish the property belonging to appellee, under color of appellant's office as alleged Delinquent Tax Collector of Garland county, would do irreparable damage to appellee and that it had no adequate remedy at law. It was also alleged that no valid process had been issued by any court and no judgment rendered against plaintiff for any sum, and that the action of appellant under the guise of official capacity to so act was an attempt to obtain property belonging to appellee without due process of law. A temporary injunction was prayed to restrain appellant from proceeding with his unlawful acts until a final hearing could be had on the merits of the case.

Appellant filed his motion to dismiss, alleging that the court was without jurisdiction to grant the temporary restraining order and that the records of Garland

county showed delinquent taxes against appellee which had not been paid. The cause was submitted to the court upon the complaint and motion to dismiss and an order was entered overruling the motion to dismiss and granting a temporary injunction restraining appellant from taking any action to collect delinquent taxes upon appellee's filing its bond in the sum of $5,000.

As stated by appellant, the sole question is whether or not the chancery court had jurisdiction to grant the temporary injunction. Since appellant presented no testimony in support of his motion to dismiss, we must look to the allegations of the complaint alone to determine this question. The gist of the complaint is that appellant, as delinquent tax collector, is making an unlawful demand for payment of a tax for the year 1942 that was never levied, assessed, or extended upon the tax records of Garland county.

Under § 7501 of Pope's Digest, chancellors may grant injunctions and restraining orders in all cases of illegal or unauthorized taxes and assessments by county, city, or other local tribunals, boards or officers. It has been repeatedly held that a taxpayer, citizen or corporation has the right to obtain from a court of equity an injunction against the collection of an illegal or unauthorized tax. *Vaughan* v. *Bowie*, 30 Ark. 278; *Brodie* v. *McCabe*, 33 Ark. 690; *Cole* v. *Blackwell*, 38 Ark. 271; *St. Louis Southwestern Ry. Co.* v. *Kavanaugh*, 78 Ark. 468, 96 S. W. 409; *Dreyfus* v. *Boone*, 88 Ark. 353, 114 S. W. 718; *Merwin* v. *Fussell*, 93 Ark. 336, 124 S. W. 1021; *McDaniel* v. *Texarkana Cooperage & Manufacturing Co.*, 94 Ark. 235, 126 S. W. 727; *Harrison* v. *Norton*, 104 Ark. 16, 148 S. W. 497.

Appellant concedes jurisdiction in such cases, but insists that the complaint herein alleges an excessive tax and the court is without authority to determine whether or not a tax is excessive. In support of this contention appellant cites the case of *Beard* v. *Wilcockson*, 184 Ark. 349, 42 S. W. 2d 557, where it was held that taxes assessed on the market value of property instead of one-half of its value, while excessive, are neither illegal nor unau-

thorized so as to authorize an injunction against their collection. We do not agree with appellant's construction of the complaint in the case at bar. Here, according to the complaint, appellant is proceeding to collect a tax which was never assessed or legally charged to appellee. If the tax is nonexistent, it is difficult to conceive of a greater measure of illegality than a demand for payment based thereon.

The general rule of equity jurisdiction in suits to restrain acts of public officers is stated in 28 Am. Jur. 356, as follows: "There is no doubt but that equity will exercise jurisdiction to restrain acts or threatened acts of public corporations or of public officers, boards, or commissions which are *ultra vires* and beyond the scope of their authority, outside their jurisdiction, unlawful or without authority, or which constitute a violation of their official duty, whenever the executon of such acts would cause irreparable injury to, or destroy rights and privileges of, the complainant, which are cognizable in equity, and for the protection of which he would have no adequate remedy at law. An injunction to prevent an officer from doing that which he has no legal right to do is not an interference with his discretion."

This court held in the case of *Rowland* v. *Saline River Railroad Company,* 119 Ark. 239, 177 S. W. 896, that injunction is the proper remedy to curb the abuse of power of the railroad commission in the issuance of an arbitrary and unreasonable order. Injunction will issue to prevent a public official from unlawfully assuming power over property in such manner as to infringe upon or violate the rights of a citizen. *Noble* v. *Union River Logging Railroad Company,* 147 U. S. 165, 13 S. Ct. 271, 37 L. Ed. 123.

In 43 C. J. S., §§ 108-9, pp. 618-619, where the power to grant temporary injunctions against public officers and boards is held to rest in the sound discretion of the trial court, it is said: "Where great and irreparable injury may be done private citizens by officers acting under a mistaken belief of their authority, or by the unlawful acts of public officers, or where great confusion will

result if the officers are not temporarily restrained, a temporary injunction may issue to preserve the *status quo* pending the determination of the litigation.''

The chancellor's action in granting a temporary injunction upon the uncontroverted allegations of the complaint is sustained. The interests of the State and its political subdivisions pending a final hearing of the suit we're adequately protected by a bond.

The decree is affirmed.