# SUPREME COURT,

OF THE

## STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1875.

---

GREEDUP et al. vs. FRANKLIN COUNTY et al.

1. TAXATION. *Levy for ordinary county purposes.*
   The fees and salaries of the county court are embraced in a levy of taxes for ordinary county purposes; and where the maximum rate allowed by law is levied for the latter purpose, an additional levy for the former is illegal.

2. *Levy for county indebtedness, when illegal.*
   A levy of taxes by the county court for the payment of county indebtedness, when there is no such indebtedness, is illegal.

3. INJUNCTION. *To restrain an illegal levy of taxes.*
   Where the record shows a *prima facie* valid levy of taxes, which it would require extrinsic evidence to show the invalidity of, or where the parties affected by an illegal levy are numerous, so that redress at law would require a multiplicity of suits, a court of equity will enjoin.

APPEAL from *Franklin* Circuit Court.

Hon. WILLIAM N. MAY, Circuit Judge.

*W. W. Mansfield* for appellants.

An insufficiency of first and fourth causes of demurrer, and defective nature of last clause of eighth cited. Civil code, sec. 112 ; Myers' Codes (Ky.), p. 361 N. C. ; 3 Metcalf, 61 ; 8 How., 177, 258.

The second ground for demurrer is only ground for motion to strike out names of those improperly joined. See code, sec. 155; 17 B. Monroe, 602; 1 Duval, 84; 18 B. Monroe, 132.

The fifth and sixth causes constitute no ground of objection to the bill. *Allen ex parte*, 26 Ark., 9. The third never was ground of demurrer. The eighth is the only valid ground of demurrer, if supported by the bill.

That plaintiff has ample remedy at law is not a good ground of demurrer. It must be overruled if the complaint shows any cause of action, at law or in equity. Civil code, secs. 7 and 111; *Foster* v. *Watson*, 16 B. Monroe, 387; 10 How., 222; *Trustees* v. *Forest*, 15 B. Monroe, p. 168.

There was no appeal from the county court.

The county court had no jurisdiction to levy taxes, except in the manner, to the extent, and at the time provided by act of 25th of March, 1871. See Const., 68, art. 10, sec. 5; *Dunn* v. *State*, 2 Ark. Rep., 230; *State* v. *Bromley*, 20 Ark., 78.

The remedy by certiorari was not safe and certain. *Burnett* v. *Cincinnati*, 3 Ohio, 73. See Nash's Pl. and Pr., under Ohio code, 490; also *City of Covington* v. *Ludlow*, 1 Metcalf, 295; *Bowling Green* v. *Hobson*, 3 B. Monroe, 479; *City of Lexington* v. *McQuillan's heirs*, 9 Dana, 514.

There is also jurisdiction to prevent multiplicity of suits. 4 Ark., 303, 340; 8 Ark., 9.

See as to equity of the bill act of March 25th, 1871, secs. 74, 146, 148, and act of July 23d, 1868.

The circuit court erred also in dismissing the complaint. *Lansdale* v. *Mitchell*, 14 B. Monroe, p. 348.

*Montgomery & Warwick* for appellees.

Greedup et al vs. Franklin County et al.

WALKER, J.:

The appellants, in behalf of themselves and the other tax-payers of said county, filed their bill in chancery against the county of Franklin and Charles E. Berry, the sheriff of that county, to enjoin the collection of certain taxes alleged to have been illegally assessed, and about to be collected by the sheriff. The defendant, Berry, filed a demurrer to the bill, and assigned, amongst other causes, that a court of chancery had no jurisdiction to render the relief sought.

The demurrer was sustained, a temporary injunction, which had been granted by one of the judges of the Supreme Court, was dissolved and the bill dismissed. The plaintiffs named in the bill entered into bond to stay proceedings as to them, and appealed.

The question to be determined is, do the allegations of the bill present a case of equitable jurisdiction? The plaintiffs aver that they are residents of Franklin county; that they sue in their own behalf as well as all the owners of taxable property in that county; give the value of each of the plaintiff's property separately; state the assessed value of all the property liable to taxation in the county. They allege that no county court was held in the year 1871, at the time prescribed by law, and that, on the day fixed by law for that purpose, said court did not determine the several amounts of revenue to be raised for ordinary county and other purposes for the year 1871. Nor did said court, at any time thereafter, determine the several amounts to be raised for ordinary county expenses, and other lawful purposes, by taxation by setting the same forth upon the records of the court. But that, at an after day, on the 26th October, 1871, did make an order levying on all of the property of the county assessed for taxation for that year the following rates of taxation: For ordinary county purposes, one-half of one per cent; payment on

county indebtedness, three-fourths of one per cent; road pur-
poses, one-tenth of one per cent; building and repairing public
buildings, one-fourth of one per cent; maintenance of poor, one-
tenth of one per cent; and for payment of salaries and fees of the
county court, one-eighth of one per cent, besides other rates and
levies therein made.

Plaintiffs aver that the assessment of one-half of one per cent
for county purposes was all that could be lawfully levied for that
purpose; that the fees and salaries of the county court were part
of the ordinary expenses of the county, and that the tax of one-
eighth of one per cent for salaries and fees of the county court was
without authority of law, and which they, as tax-payers, were not
bound to pay. That said levy of one-eighth of one per cent, so
assessed, amounts to $2,510, which sum is in excess of the sala-
ries and fees of said court for that year the sum of $856.99. That
the levy of three-fourths of one per cent for the purpose of pay-
ing county indebtedness was illegal, because there was no county
indebtedness at that time. That no order was ever made to call
in and fund the outstanding county warrants, or scrip of the
county, for the payment of which, as a county indebtedness, a
tax could be lawfully assessed. That it had never been ascer-
tained or declared by said court that there was a deficiency, or
that it was necessary to make a levy to meet it. That no. such
question has ever been submitted to the qualified electors of the
county. That said levy of three-fourths of one per cent to pay
county indebtedness is without authority of law. That the ille-
gal taxes so assessed is nine and one-half mills on the dollar in
excess of the aggregate legal rates which said court has lawful
power to levy. That the entire assessment of taxes, legal and
illegal, was ordered by said court to be levied. That, in obedi-
ence to such order, the clerk of said court made a tax book for
the collection of taxes for the year 1871, upon which was assessed

and levied said illegal tax upon all of the taxable property in the county. That said book was delievered to the defendant, Berry, as sheriff and collector of said county. That, as such sheriff, he is proceeding to collect from the tax-payers of said county such illegal tax, which, upon the whole of the property assessed, amounts to $11,923, the collection of which, under the authority of a warrant attached to said book, will soon be made, unless such officer be enjoined from so doing.

Plaintiffs set forth the amount of unlawful tax that each of them will be required to pay. And further state that they appeared by attorney, and moved said court to amend their order, by which they levied such illegal tax, but that their motion was overruled by the court, who refused to permit any entry of their motion upon record, or any notice of it whatever. That unless immediate relief is granted by injunction, the defendant as Sheriff, will proceed to distrain and collect such taxes.

All of the material allegations of the bill are sustained by exhibits, duly certified and made part of the bill.

The prayer of the bill is that the collection of such illegal tax may be perpetually enjoined and for other adequate relief.

Under the state of case thus presented, the question is, have the plaintiffs a right to redress, and if they have, is it in a court of law, or in equity? The court below held that the party plaintiffs should resort to a court of law, not equity, for redress. In thus deciding did the court err?

That the County Court acted without authority of law in levying a tax of one-half of one per cent. for county purposes, and also in levying a tax to pay the salaries and fees of the County Court, is evident. The greatest amount for ordinary county purposes, which the court had, under the statutes, power to levy in one year, was five mills on the dollar. The payment of the fees and salaries of the County Count were part of the ordinary expenses

of the county and were embraced in the levy of five mills, and therefore the levy of one-eighth of one per cent. was in excess of what, as regards that item of tax, it was lawful to levy.

The levy of three-fourths of one per cent. for the payment of county indebtedness was made upon the false assumption, that Franklin county had an outstanding debt, when in fact the county had no such debt, as was stated in the bill and proven by the exhibits.

That these two items of taxation were illegal and should not be collected of the tax-payers of Franklin county, there can be no doubt.    The material facts are fully stated, and well sustained by the exhibits, and unless there is a full and complete redress at law, we should feel it our duty to grant the relief prayed.

As our former adjudications have gone far to settle this question of jurisdiction, we will briefly review them in order to determine whether they were made under a state of case which will make them authoritative in this.

In the case of *Clayton, sheriff*, v. *Lafargue*, 23 Ark., 138, a bill was filed by Lafargue to restrain the Sheriff of Desha county, from selling a tract of land for the payment of taxes, under a special act of the Legislature to raise a revenue for repairing levees.    It was claimed by the plaintiff, that the land levied upon was not subject to taxation for that purpose, and prayed an injunction.

Mr. Justice Compton, who delivered the opinion of the court, held that the complainant, if entitled to redress, had no remedy at the common law by certiorari.    Chief Justice English, in a separate opinion, referred to the fact that the allegations were general, and stated no fact upon which to impeach the judgment of the court.    That the determination of the fact as to whether the land was subject to the special tax, was one of which the assessor had superior advantages of determining, and was of

opinion that a court of chancery should not interfere by injunction, to enquire into the legality of an assessment unless for mistake, or such abuse of judgment and discretion as amounted to fraud in the assessment.

The case of *Floyd* v. *Gilbreath*, 27 Ark., 675, was, in many respects, like the present. The plaintiffs sued for themselves and all of the other tax payers of the county of Scott. The taxes sought to be enjoined were alleged to have been illegally levied by the County Court; this illegality was apparent upon the record of the Court making the assessment. Mr. Justice Stephenson, who delivered the opinion of the Court, reviewed the authorities bearing upon the question of jurisdiction with care, and held that where the wrong complained of exists *de hors* the record, as where the levy on the face of the proceedings to impose it, is a valid lien on land, and extrinsic evidence is required to show its invalidity, neither the writ of certiorari or prohibition is of any value, and, in such a case, the Court of equity will interfere to prevent a multiplicity of suits. And also held that, in the state of case presented, a bill for injunction was not the appropriate remedy, because the plaintiff had a full, adequate and complete remedy at law, and had failed to show any reason for not pursuing it; that a review of the proceedings by certiorari would have disclosed the error, and quashed the levy. In the case of *Ramsauer* v. *Harbison*, manuscript opinion, it was held that a bill to enjoin the collection of taxes on the ground that the taxes were illegal, should show by proper allegations that the complainant was without adequate relief at law, with such allegations of irreparable injury as to bring his case within the equitable jurisdiction of the Court.

In the case of *Murphy* v. *Harbison*, ms. op., a bill was filed to enjoin the collection of a school tax, alleged to have been illegally assessed. Chief Justice English, who delivered the opinion of the Court, said: "On the face of the record before us,

the County Court had no jurisdiction to levy the five per cent. tax complained of, and it might have been quashed by the Circuit Court on certiorari * *. True there is a general averment in the bill that the appellant was otherwise remediless; but it appears of record that it was a single tax levied for a special purpose, to maintain a district school. That the County Court, which made the levy, had no such facts before it, as to give it jurisdiction to make the levy, and it is manifest that the Circuit Court, on certiorari, could have quashed the whole levy. The appellant having a plain and simple remedy in a Court of law, and averring in his bill no such facts as to bring the case within any of the established subjects of equity jurisdiction, the Court below properly sustained a demurrer to the bill."

It will be perceived that, in each of these cases, the jurisdiction of the Court of Chancery was denied, because there was, in the opinion of the Court, a full, complete and perfect remedy at law, which remedy, in each case, was declared to be by certiorari.

This remedy at the common law then, is to quash or affirm upon the state of case presented by the record. Matters *de hors* the record cannot come in aid of the record, or to vary the state of case presented upon its face. *Miller* v. *McCullough*, 21 Ark., 426. *Carnall* v. *Crawford County*, 11 Ark., 604. The errors complained of in the several cases above cited, were all apparent upon the face of the record, and consequently might have been reached by certiorari. But such is not the case, so far as regards one of the items of illegal taxation complained of in this case, the illegality of the levy of one half of one per cent. for ordinary county purposes, and the further levy of one-eighth of one per cent. for the payment of salaries and fees of County Court, was apparent upon the face of the record. But the illegal tax of three-fourths of one per cent. for the payment of county indebtedness was not apparent upon the face of the record; for aught

that appears upon the record such indebtedness may have existed; if it did, then the order was not illegal; if there was no such indebtedness, then the tax was illegal. This question of fact not being apparent upon the record, could not be enquired into upon a writ of certiorari. For this then there was no remedy for certiorari; there was none by appeal, because there was no law providing for an appeal. All of the necessary facts to show the illegality of this tax were shown by distinct and positive allegations in the bill.

It was stated that there was no county indebtedness, no debts had been funded, no county liabilities to pay for which this three-fourths of one per cent. should be levied. It is moreover stated that the complainants appeared before the Court and moved that these errors be corrected, but that the Court not only refused to entertain the motion, but also refused to permit an entry of its having been made to be placed upon the record. This wanton, and (we hope) unprecedented abuse of power amounted to a fraud upon the tax payers of the county.

Under the state of case thus presented, there could be no full, complete and adequate remedy at law to correct this flagrant abuse of power; and when such is the case, when the record shows a *prima facie* valid record and in the language of the Court in *Floyd* v. *Gilbreath*, 27 Ark., 675, "extrinsic evidence is necessary to show its invalidity," a Court of equity will take jurisdiction, and arrest the threatened wrongs.

And whilst we will sustain the jurisdiction of a court of chancery upon this ground, under the state of case presented, we will remark that there is another ground of equitable jurisdiction, which should not be overlooked.

In the case before us, it is shown that the illegal tax thus assessed amounts to $11,923.21. These plaintiffs have sued in behalf of themselves and of the other taxpayers of the county,

this they may do in a court of equity. But suppose we send them back to a court of law, to assert their rights, we know that at the common law, there can be no combination of parties, each tax payer must sue in his own right to recover the tax erroneously assessed against him. What a multiplicity of suits at law must be brought, in order to get redress for an injury which it is proposed to stop in a single suit in equity; we have no means of ascertaining the number of tax payers in Franklin County, but may suppose that they exceed two thousand. Of these perhaps five hundred may be able to assert their rights at law, whilst fifteen hundred, who pay less tax, are in moderate circumstances or too poor to employ counsel to stop the payment of an erroneous tax ten times less than it would cost to employ counsel to prosecute their suit. The mere suggestion of the situation, if left to redress at law, shows that it in effect would amount to a denial of redress to offer it to them. In such cases chancery will interfere to prevent multiplicity of suits.

Although we have contented ourselves with deciding this case upon grounds strictly in harmony with our former decisions, we have not felt at liberty to omit some reference to this additional ground of chancery jurisdiction.

We must hold that the Court below erred in sustaining the demurrer to the bill, and for this error the judgment must be reversed, and the cause remanded for further proceedings.