WATERS PEIRCE OIL CO. v. CITY OF LITTLE ROCK ET AL.

CHANCERY JURISDICTION: *To restrain enforcement of city ordinance.*

Chancery has no power to enjoin criminal prosecutions, and as a city has no means of enforcing a penal ordinance, except by fine upon conviction in the police court, the validity of the ordinance and the question of whether a party is amenable to it, can not be tested by injunction, but only by appeal from a judgment of conviction; but a Sheriff may be enjoined from distraining and selling property for non-payment of a license tax.

APPEAL from *Pulaski* Chancery Court.

Hon. D. W. CARROLL, Chancellor.

*J. M. Moore,* for appellants:

Appellants are not *peddlers,* and the collector should be enjoined, if not the city. *Cites sec. 13, art. 16, Constitution; Taylor, Cleveland & Co. v. Pine Bluff, 34 Ark., 607; Gantt's Digest, sec. 3451; Webster Dictr., "Peddler."*

*W. L. Terry,* for the city :

Relies upon the opinion delivered by EAKIN, J., on the motion for the ancillary injunction, holding that injunction will not lie to restrain proceedings under city ordinances making peddling a criminal offense, etc.

SMITH, J.   This was a bill to restrain the city of Little Rock from enforcing against the appellant an ordinance requiring peddlers to take out a license, and also to prevent the Sheriff of Pulaski County from collecting of the appellant, by distraint of property, a State and county tax for the privilege of peddling.   Upon demurrer to the bill, the Chancellor dismissed the suit.   But when the cause was

removed here by appeal, this court granted a temporary injunction against the Sheriff.

As the city has no means of enforcing its ordinance except by fine upon conviction in the police court, the validity of the ordinance and the question whether the company's business is peddling, can be tested only by appeal from a judgment of conviction. Courts of chancery have no jurisdiction to enjoin criminal prosecutions. *Portis v. Fall, 34 Ark., 375; Medical Institute v. Hot Springs, ib., 559; Taylor v. Pine Bluff, ib., 603.*

Upon the other branch of the case, *Straub & Lohman v. Gordon, 27 Ark., 625*, is authority for restraining a Sheriff from distraining and selling property for the non-payment of a license tax.

The law imposing a tax upon peddlers was adjudged to be void in *State v. McGinnis, 37 Ark., 362*, as an unconstitutional discrimination in favor of the products and manufactures of our own State against those of another State.

The decree of the Pulaski Chancery Court is affirmed as to the city of Little Rock, and reversed as to the other defendant, and the temporary injunction granted by this court will be perpetuated.