LYMAN *v.* HOWE.

Opinion delivered November 13, 1897.

EQUALIZATION BOARD—POWERS.—A county board of equalization is not authorized to assess land which the assessor has failed to assess. (Page 437.)

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Jas. B. McDonough* for appellants.

It is the duty of the assessor, and of him only, to assess property for taxation. He may be compelled to do so. Sand. & H. Dig., § 6544; 48 Ark. 238; 45 Ark. 121; 49 Ark. 39; 54 Ark. 468; 43 Ark. 66; Sand. & H. Dig., § 6499. Failure to make a separate list of exempt property does not in any way affect the return he did make. 25 S. W. 372; 28 S. W. 448. The powers of the board of equalization are limited by statute, and they cannot exceed them. 49 Ark. 527; Desty, Taxation, § 100; 48 Ark. 476; Sand. & H. Dig., §§ 6529–30; 24 Pac. 340; *ib.* 342; 20 N. E. 736; 45 Fed. 323; 50 Ia. 676; 42 Ind. 400; 42 Md. 293; Welty, Assessments, 234; 53 Mo. 17; 24 S. W. 545; 4 Dill. 35; 65 Miss. 362; 28 Cal. 108; 10 Cal. 590; 23 Atl. 838; 12 How. Pr. 224; 38 La. An. 958; 30 La. An. 261; 24 Ind. 391; 2 Desty, Taxation, § 642; Welty, Assessments, 234; *ib.* p. 17, § 10; 35 S. W. 112; 57 N. Y. 303.

*Clendening, Mechem & Youmans,* for appellees.

The returns of the assessor cannot be contradicted or varied by parol testimony. 61 Ark. 42. The board of equalization had a right to place a valuation on the property, such that it should be in proportion to other like property. Sand. & H. Dig., § 6530.

WOOD, J. This appeal seeks to enjoin the county clerk of Sebastian county from extending the taxes against a certain lot of land in the city of Fort Smith. The only question we

need consider is, whether a board of equalization can place a valuation upon property for assessment that has been returned by the assessor without any value being placed upon it by him.

"The powers of the board of equalization are special and limited. They can perform no act except such as they are specially authorized to do." *Board of Equalization Cases*, 49 Ark. 518. The statute confers no power upon boards of equalization to to assess property. Their duty is to equalize, not to assess *de novo.* Sand. & H. Dig., §§ 6529, 6530; Black, Tax Titles, §§ 133, 134; *Manford* v. *Pleasant Grove & Indian Creek Turnpike Co.*, 42 Ind. 293.

The duty to assess devolves upon the assessor. Sand. & H. Dig., § 6485. No one else can perform that duty. Welty, Assessments, § 10. "An assessment is an official listing of persons and property, with an estimate of the property of each, for the purpose of taxation." Cooley, Tax. p. 351; Welty, Assessments, § 2.

"All property subject to taxation shall be taxed according to its value." Const. Ark. art. 16, § 5. So the fixing of some value upon property is indispensable to its assessment for taxation. Welty, Assessments, § 430. When the assessor does this in the first instance, then the board of equalization may equalize this valuation with the average valuation of other land, by raising or reducing same as the case may require, so as to fix its true value. Sand. & H. Dig., § 6530; *People* v. *Hastings*, 29 Cal. 451. Since the assessor's roll shows that there was no assessment of the lot mentioned, the action of the board of equalization was void. It follows that the court erred in holding such action legal. The judgment is reversed, and the injunction is made perpetual.