MISSOURI PACIFIC RAILROAD COMPANY *v.* FISH.

Opinion delivered June 2, 1930.

864

866

R. E. *Wiley* and *Henry Donham,* for appellant.

J. T. *Wimberley* and *Eric M. Ross,* for appellee.

KIRBY, J., (after stating the facts). The three-mill levy of tax complained of was regularly made against the property of appellant under the authority of amendment No. 11 to the Constitution of the State of Arkansas and § 4, of act 210 of the Acts of the General Assembly of 1925, the enabling act for its enforcement.

The amendment provides: "To secure funds to pay indebtedness outstanding at the adoption of this amendment, counties, cities and incorporated towns may issue interest-bearing certificates of indebtedness or bonds with interest coupons for the payment of which a county or city tax, in addition to that now authorized, not ex-

ceeding three mills, may be levied for the time as provided by law until such indebtedness is paid.''

Section 4 of the enabling act provides that the quorum court of the county, before or after the issue of said bonds, ''shall levy a tax, which on the existing assessed value of the property of such county * * * will suffice to retire said bonds as they mature with five per cent. added for unforeseen contingencies, provided that said tax shall not exceed three mills on the dollar of such assessed value. If said taxes proves insufficient to meet the maturities of the bonds with interest, it shall be the duty of the quorum court of such county * * * to increase such levy of taxes, but not beyond three mills upon the dollar of the then assessed valuation, and if, by reason of the increase in the assessed value of the property of such county, * * * a lower rate of tax will prove sufficient to meet the bonds and coupons as they mature, the amount of the tax may be lowered accordingly, but no tax shall be levied which will produce less than the sum required to meet the maturing of the bonds with five per cent. added for unforeseen contingencies, nor shall any tax in excess of three mills on the assessed value existing at the time of such levy ever be levied in any year. * * *''

This court, construing the amendment and the enabling act, has held the word ''may'' in the amendment to mean ''shall'' and to compel the levy of the tax to pay the maturing bonds issued for paying the county indebtedness under the authority of said amendment. *Stranahan, Harris & Oatis, Inc.,* v. *Van Buren County,* 175 Ark. 678, 300 S. W. 382.

Appellant insists that the word ''may,'' as used in said section 4 of the enabling act, should likewise be construed to mean ''shall'' in authorizing the quorum court to lower the rate of taxation when a lower rate would produce sufficient revenue to pay the maturing bonds and interest. We do not agree with this contention.

The enabling act provides that the quorum court of the county ''shall levy a tax, which, on the existing as-

sessed value of the property of such county, * * * will suffice to retire said bonds as they mature with five per cent. added for unforeseen contingencies, * * * said tax shall not exceed three mills on the dollar of such assessed value." If the tax proves insufficient, "it shall be the duty of the quorum court of such county * * * to increase such levy of taxes, but not beyond three mills upon the dollar of the then assessed valuation, and if, by reason of the increase in the assessed value of the property of such county, * * * a lower rate of tax will prove sufficient to meet the bonds and coupons as they mature, the amount of the tax may be lowered accordingly, but no tax shall be levied which will produce less than the sum required to meet the maturing of the bonds, etc."

The money derived from the tax must be preserved as a separate fund for the retirement of the bonds, and its misuse by any officer is made a felony.

It is obvious, from the language used, that it was the intention of the Legislature to leave the matter of reduction of the amount of the levy to the discretion of the quorum court in its determination of the amount necessary to be levied and collected for the retirement of the maturing bonds and interest. This court cannot say that the refusal to reduce the amount of the tax levy for the year 1930 was an abuse of discretion or but an arbitrary exercise of power in the absence of a showing that there was sufficient money already on hand in the separate fund for the redemption and retirement of such bonds to pay the amount of all maturing with interest in the particular year without the levy of any tax for the purpose. The levy of this tax was regularly made by the quorum court within the authority granted by the Constitution and enabling act, and the chancellor was without power to enjoin its collection, it not being an illegal exaction or an unauthorized tax within the meaning of the statute § 5786, C. & M. Digest, and Constitution, article 16, § 13, complaint being made only that it was excessive.

Appellant company could have objected to the amount of the tax levy before the county court at the time of the levy of the tax and shown by testimony the lack of necessity for the amount of the levy under the statute (§§ 9867-9870, C. & M. Digest), but elected to attempt to enjoin the levy as illegal and unauthorized, and the court correctly held it could not be done.

The decree is accordingly affirmed.