BEARD *v.* WILCOCKSON.

Opinion delivered October 12, 1931.

*Jeff Bratton,* for appellant.

*Jason L. Light,* for appellee.

SMITH, J. On June 25, 1929, the bookkeeper and agent of W. J. Beard made a return to the tax assessor of Greene County of the personal property owned by Beard. The usual blank was employed in making the assessment, and the various articles of property owned by Beard were set down and assessed, but Beard's agent wrote opposite each article assessed the present market value, and not 50 per cent. thereof, as is the custom and the law. The blank employed had a column headed "Assessed value as Fixed by Assessor" and another column headed "Equalized Assessed Value." No valuations were written in either of these columns, and Beard's assessment list, as filed with the county clerk and as extended upon the tax book by that officer, was made upon the basis of 100 per cent., and not upon the basis of 50 per cent. of the value as required by law.

Upon filing a complaint containing these allegations, Beard prayed that the assessment be reformed and reduced. The taxes assessed amounted to $713.22, and a tender of one-half of that amount was made, and it was prayed that the collector be enjoined from attempting to collect any sum in excess of the amount tendered. A demurrer to the complaint was filed and sustained, and this appeal is from that decree.

The right of the taxpayer to maintain this suit is predicated upon § 5786, Crawford & Moses' Digest, which provides that: "the chancellor may grant injunctions and restraining orders in all cases of illegal or unauthorized taxes and assessments by county, city or other local tribunals, boards or officers."

But the taxes here sought to be enjoined are neither illegal nor unauthorized. They may be excessive, but this fact alone does not authorize interference with the collection thereof by a court of equity. The excess results from a mistake made by the taxpayer's own agent,

but the result thereof would be the same had the **error** been made by the assessor himself, as the taxes **are** neither illegal nor unauthorized, but are only excessive.

It was said in the case of *Clay County* v. *Brown Lumber Co.*, 90 Ark. 413, 119 S. W. 251, that the property owner who thinks his valuations as assessed are excessive must pursue the remedy provided by law to obtain a reduction.

Appellant insists that the law has provided no remedy whereby he might have obtained relief, and that he is therefore entitled to invoke the aid of the chancery court. But in this he is mistaken. The assessment here attacked was made pursuant to act 172 of the Acts of 1929 (vol. 2 Acts 1929, p. 841). Section 10 of this act requires the assessor, upon the application of the property owner, to furnish an appropriate blank, which, after being filled out by the property owner, is returned to the assessor. Section 12 of act 172 provides that the valuations as returned by the property owner shall not be conclusive on the assessor, but that officer may make such assessment of the property as he may deem just and equitable, provided the assessor, if he raises the valuation, shall deliver to the property owner a duplicate copy of such adjusted assessment, or shall notify the property owner of his action by first-class mail.

Here the assessor made no change in values, but accepted those returned by the agent of the property owner.

Act 172 created an equalization board, and defined the duties of its members, and required the board to convene on the third Monday in August, after the members thereof had taken the required oath ''That he will fearlessly, impartially and faithfully equalize the assessed value of all property assessed and subject to taxation.'' Paragraph 1 of § 27 of act 172 provides that the board of equalization ''shall raise or lower the valuation of any property to such figure as in the opinion of the board will bring about a complete equalization.''

Here the assessor accepted the valuation as returned by the property owner, as did also the board of equalization, and no request was made that either the assessor or the board change the valuation which the property owner had himself made.

The property owner therefore had a full and complete remedy at law to correct the mistake which he himself had made, and the chancery court therefore properly refused to interfere to enjoin the collection of the taxes complained of. The decree is correct, and is therefore affirmed.