SCHUMAN v. OUACHITA COUNTY.

4-9290                                           234 S. W. 2d 42

Opinion delivered November 20, 1950.

*Wm. J. Kirby* and *U. A. Gentry,* for appellant.

GEORGE ROSE SMITH, J. This suit, which was decided below on demurrer to the appellant's complaint, is a sequel to our decision in *Sorkin* v. *Myers,* 216 Ark. 908, 227 S. W. 2d 958. The earlier case involved the validity of tax titles to mineral interests that had been severed from the fee. It was there shown that in Ouachita County the taxes upon such mineral interests were not extended upon the same taxbooks that included real property in general. Instead, a separate book of "Leases and Royalties" was kept, in which mineral interests were listed according to the alphabetical order of the owners' names. We held that the statutes require mineral interests to be subjoined to the assessment of the corresponding surface ownerships, which are to be arranged in order of section, township, and range, rather than alphabetically by ownership. We concluded that since a mineral owner could not readily determine whether his property was being taxed—there being errors in the alphabetical listing—the defect went to the power to sell and was not cured by confirmation of the tax sale.

Less than a month after that opinion was delivered the appellant filed the present suit. He alleges that he and others own mineral interests in Ouachita County lands. It is asserted that the county clerk, in making up the assessment books for the 1949 taxes, failed to subjoin the description of severed mineral interests to the corresponding description of the surface; instead, such mineral interests were listed alphabetically in a different book. The assessor valued the minerals for taxation and turned the book back to the county clerk, who extended the taxes upon a similar alphabetical listing, as in the *Sorkin* case. It is averred that the assessments are void, that the collector will unless restrained enforce these invalid taxes by a sale of the property, and that the owners' titles will thereby be subjected to a cloud. There are also assertions that injunctive relief is necessary to prevent a multiplicity of suits, irreparable injury, etc. The prayer is that the county and its collector be enjoined from collecting the tax or selling the property.

To this complaint the chancellor sustained a demurrer, on the ground that no cause of action is stated. The plaintiff refused to plead further, and a dismissal of the suit followed.

The appellant's reasoning is easily deducible from the foregoing statement. The *Sorkin* case held that the method of assessing mineral interests in Ouachita County so far deviates from the statutory plan as to render tax sales void for want of power to sell. The same system is being followed in the assessment of the 1949 taxes. Therefore these levies constitute illegal exactions which may be restrained in a class suit brought by any affected taxpayer. Ark. Const., Art. 16, § 13.

We do not agree that we are dealing with an illegal exaction within this constitutional provision. It is true that we have many cases in which the collection of taxes has been enjoined under this section, but they all involve a tax that was itself illegal. Such situations include the attempt to collect a road tax not properly voted by the people, *Merwin* v. *Fussell*, 93 Ark. 336, 124 S. W. 1021; a county levy in excess of the five mills allowed by the constitution, *Greedup* v. *Franklin County*, 30 Ark. 101; a tax levied by a county having no jurisdiction over the property, *McDaniel* v. *Texarkana Cooperage & Mfg. Co.*, 94 Ark. 235, 126 S. W. 727; a tax based on an assessment not made by the assessor, *Lyman* v. *Howe*, 64 Ark. 436, 42 S. W. 830; a tax not authorized by the city's delegated power of taxation, *Waters Pierce Oil Co.* v. *Little Rock*, 39 Ark. 412; and other instances of like character.

In the present case the taxes complained of are not themselves illegal. The complaint concedes that these mineral interests were duly valued by the assessor and that the taxes were lawfully levied by the quorum court. A valid tax lien in favor of the taxing authority arose on the first Monday in January, 1949. Ark. Stats. 1947, § 84-107. The sole defect is that these taxes were so extended on the taxbooks that the property owners would encounter undue difficulty in attempting in good faith to discharge their debt to the State and county. But the

debt nevertheless exists, and our decisions do not support the theory that a flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, makes the exaction itself illegal. See *Mo. Pac. R. Co.* v. *Fish,* 181 Ark. 863, 28 S. W. 2d 333; *Beard* v. *Wilcockson,* 184 Ark. 349, 42 S. W. 2d 557.

We think it clear that these taxes are not illegal exactions that may be enjoined under the constitution. This does not mean, however, that the plaintiff and others in his circumstances are powerless to prevent a void tax sale that will cast a cloud on their titles. They undoubtedly have a remedy. But in seeking equity they must in turn do equity. On this phase of the case we regard as controlling our decision in *Buschow Lbr. Co.* v. *Witt,* 212 Ark. 995, 209 S. W. 2d 464. There a tax sale was void because the assessment was made under a "part" description—a defect equally as fatal to the power to sell as that now complained of. But in requiring the landowner to discharge his obligation to the taxing authority we said: "The State has a continuing lien for taxes, including those due its subdivisions. Appellees have invoked the aid of equity in an effort to clear their title to lands they say did not become State property, yet they do not offer to do equity by saving to the State an amount equal to taxes that would have accumulated if no sale had been attempted. . . . Suit to enjoin certification to the State could have been maintained, if coupled with tender of sums actually due."

The present complaint is fatally defective in not making a tender of the taxes legally due. We may assume, even though the complaint does not so allege, that the appellant could not easily determine from the taxbooks the amount of taxes extended against his property. But in equity he is entitled to no more than relief from the burden of making that determination. To state a cause of action he should have alleged that he had been unable to determine from the taxbooks the amount of the tax on his lands, that the county and its officials should be required to make that determination before proceeding to sell his property for nonpayment of the taxes, and

that he is ready and willing to pay the tax when informed of its amount. A complaint lacking the necessary tender of the debt does not state a case for equitable relief.

Affirmed.