B.A. McINTOSH, Pulaski County Assessor and Ken Taylor, Pulaski County Collector v. SOUTHWESTERN TRUCK SALES

90-66                                                    800 S.W.2d 431

Supreme Court of Arkansas
Opinion delivered December 21, 1990
[Rehearing denied January 22, 1991.*]

*Larry D. Vaught,* Pulaski County Civil Attorney, by: *Nelwyn Davis,* for appellant.

*Homer Tanner,* for appellee.

---

*Corbin and Brown, JJ., not participating.

Robert H. Dudley, Justice. The appellee taxpayer, Southwestern Truck Sales, Inc., filed a complaint in Chancery Court of Pulaski County asking that B.A. McIntosh, the Pulaski County Assessor, and Ken Taylor, the Pulaski County Collector, be enjoined from taking any further action to collect taxes from the taxpayer for 1986. The county officials filed a motion to dismiss because of lack of subject matter jurisdiction in chancery court. The taxpayer filed a motion for summary judgment. The chancellor denied the county officials' motion to dismiss for lack of subject matter jurisdiction and granted summary judgement for the taxpayer. The chancellor erred in exercising jurisdiction and, accordingly, we reverse and dismiss.

We must first address a procedural matter. The county officials argue that the taxpayer's brief must be stricken because Homer Tanner, the taxpayer's attorney, submitted to the trial court a twenty-five paragraph affidavit in support of the motion for summary judgement. The affidavit is a sworn statement of facts. When the affiant is an attorney in the case, and the affidavit is submitted in support of a motion, whether attached to the motion itself or to the brief, it is tantamount to the attorney testifying. We have repeatedly admonished members of the bar that an attorney cannot serve as both a witness and an advocate in the same action. *Bishop* v. *Linkway Stores, Inc.*, 280 Ark. 106, 655 S.W.2d 426 (1983). Neither can an attorney represent a party on appeal if the attorney testified below. *Id.* When an attorney serves as both witness and advocate in the same action, however, that fact alone does *not* require automatic reversal and dismissal of a case, as argued by appellants. In *Calton Properties, Inc.* v. *Ken's Discount Bldg. Materials, Inc.*, 282 Ark. 521, 669 S.W.2d 469 (1984), we clearly stated that the attorney's affidavit was not evidence and that we would not consider it. Without it, there was simply no evidence at all which would have allowed this Court to affirm. Consequently, the judgement was reversed and the case dismissed. Had there been other evidence upon which this Court could have affirmed, however, it would have done so. Accordingly, it was wrong for Mr. Tanner to serve as a witness and an attorney, and we will not consider the affidavit as evidence; however, we refuse to strike the taxpayer's brief and automatically reverse and dismiss the case.

We consider the case on the jurisdictional issue, and reverse

and dismiss because the chancery court was without jurisdiction. The taxpayer owned two lots, designated Lot A and Lot B of the Inmon Addition to North Little Rock. A building was built on Lot A. Lot B remained unimproved. The taxpayer received three tax bills for 1986, just as it had in 1985. According to the affidavit of Buell James, Deputy Assessor, and the officers' responses to requests for admission, one tax bill was for the land of Lot A, one was for Lot B, and the third tax bill, designated with the letter "E," was for the improvements on Lot A. The 1985 tax bills were paid. In the process of selling Lots A and B, the taxpayer delivered all three 1986 tax bills to its attorney who was also serving as the closing agent for the sale. He paid two of the 1986 tax bills, but refused to pay the third one which, according to the officials, covered the building on Lot A. He contended that it was for a non-existent Lot E.

The county courts have exclusive original jurisdiction in all matters relating to county taxes. Ark. Const., art. 7, § 28; *Burgess* v. *Four States Mem. Hosp.*, 250 Ark. 485, 465 S.W.2d 693 (1971). Yet, it is undisputed that the taxpayer did not pursue any action with the county Board of Equalization. Rather, it went to chancery court and sought an injunction relying upon Ark. Code Ann. § 16-113-306 (1987), which provides in pertinent part:

> The judge of the chancery court for any county may grant injunctions and restraining orders, in *all cases of illegal or unauthorized taxes and assessments* by county, city, or other local tribunals, boards, or officers.

The key words of the statute are those which have been emphasized above. There is no doubt that a court of equity may grant relief against a void or illegal tax assessment. *Burgess* v. *Four States Mem. Hosp.*, *supra.* However, in order for the chancery court to have subject matter jurisdiction, it must involve illegal or unauthorized taxes and assessments. Neither is present in the instant case. That is, it cannot be disputed that the building located on Lot A is assessable. Therefore, at most, there may have been a flaw in the assessment or collection procedures concerning the manner in which the building was assessed as a parcel separate from Lot A itself. Even if that procedure were flawed, and we are not holding that it is, that still does not make the assessment or the exaction illegal or unauthorized. *Schuman* v.

*Ouachita County*, 218 Ark. 46, 234 S.W.2d 42 (1950). See also "Taxpayers' Suits to Prevent Illegal Exactions in Arkansas," 8 Ark. L. Rev. 129 (1954). Without either of those jurisdictional prerequisites, the chancery court was without power to hear the case. Since the chancery court was without jurisdiction to hear the case we must reverse and dismiss.