Kristi COOK, On Behalf of Herself and All Other Similarly Situated Tax Payers *v.* STATE of Arkansas, Department of Finance and Administration

92-670                                        850 S.W.2d 309

Supreme Court of Arkansas
Opinion delivered April 5, 1993

*Michael A. Skipper*, for appellant.

*Beth B. Carson*, for appellee.

ROBERT H. DUDLEY, Justice. The chancellor ruled that the complaint in this case failed to state a cause of action for an illegal exaction, and, as a result, the chancery court did not have jurisdiction. Appellant appeals and argues that she pleaded facts sufficient to state a cause of action for an illegal exaction. The

ruling of the chancellor was correct, and, accordingly, we affirm.

The facts pleaded were that appellant taxpayer purchased, within the State, a new automobile and an extended warranty, and that appellee Revenue Division of the Department of Finance and Administration misinterpreted the gross receipts tax statute and imposed the sales tax on the price of the extended warranty. The taxpayer challenges only the State's interpretation of the law. She does not challenge the validity of the underlying tax law.

In *Pledger* v. *Featherlite Precast Corp.*, 308 Ark. 124, 128-29, 823 S.W.2d 852, 855-56 (1992), we explained:

> This exaction case involves a taxpayer who seeks to enjoin a government from taxing him. In this second kind of exaction case, which, for convenience, we label an "illegal tax" exaction case, the exaction itself must be alleged to be illegal before the chancery court has jurisdiction under the constitutional provision. It is true that we have many cases in which the collection of taxes has been enjoined under the illegal exaction provision, but all involve a tax that was itself illegal. See for example *Greedup* v. *Franklin County*, 30 Ark. 101 (1875), an attempt to collect a county levy in excess of the five mills allowed by the constitution; *Lyman* v. *Howe*, 64 Ark. 436, 42 S.W. 830 (1897), a tax based upon an assessment not made by the assessor; *Ragan* v. *Venhaus*, 289 Ark. 266, 711 S.W.2d 467 (1986) and *Merwin* v. *Fussell*, 93 Ark. 336, 124 S.W. 1021 (1910), attempts to collect taxes not properly voted by the people; *McDaniel* v. *Texarkana Cooperage & Mfg. Co.*, 94 Ark. 235, 126 S.W. 727 (1910), a tax levied by a county having no jurisdiction over the property; *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982) and *Waters Pierce Oil Co.* v. *Little Rock*, 39 Ark. 412 (1882), taxes which were not authorized by the city's delegated power of taxation. However, we have always held that if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie. *Schuman* v. *Ouachita County*, 218 Ark. 46, 234 S.W.2d 42 (1950). In *Taber* v. *Pledger*, 302 Ark. 484, 489, 791 S.W.2d 361, 364 (1990), we wrote that "a suit to declare a tax statute unconstitutional, and therefore void" comes within the illegal exaction provision,

while a suit "to determine whether the taxpayer's transactions fall within an exemption created by statute" does not come within the section. More important, and precisely on point in this case, we have held that a flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, does not make the exaction itself illegal. *Schuman* v. *Ouachita, supra* (citing *Missouri Pacific Ry. Co.* v. *Fish*, 181 Ark. 863, 28 S.W.2d 333 (1930) and *Beard* v. *Wilcockson*, 184 Ark. 349, 42 S.W.2d 557 (1931)). Here, the taxpayer does not contend that the use tax is itself illegal, but rather contends that the assessment of its individual tax, and that of others similarly situated, is carried out in an unconstitutional and illegal manner. Consequently, this suit does not come within the illegal exaction provision of the Constitution of Arkansas, and the Chancellor erred in certifying it as a class action coming within that provision.

Subsequently, in *Martin* v. *Couey Chrysler Plymouth, Inc.*, 308 Ark. 325, 824 S.W.2d 832 (1992), we held that when the legality of the underlying tax act was not in issue, but only the correctness of the person assessed, the complaint did not state a cause of action for an illegal exaction.

In this case the taxpayer does not challenge the validity of the underlying tax; therefore, the chancellor correctly ruled that the complaint did not state a cause of action for an illegal exaction. The taxpayer's relief is that which is provided by Ark. Code Ann. §§ 26-18-405 & 28-18-406 (1987), and not a suit for illegal exaction.

Affirmed.