Ruben MILLER *v.* Timothy LEATHERS, Commissioner of Revenues; Julia Hughes Jones, Auditor of the State of Arkansas; and Jimmie Lou Fisher, Treasurer of the State of Arkansas

92-1031                                    851 S.W.2d 421

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*Oscar Stilley*, for appellant.

*Karen W. Hathaway*, Revenue Legal Counsel, for appellee Timothy Leathers.

*Susan G. Jones*, Asst. Att'y General, for appellee Julia Hughes Jones.

ROBERT H. DUDLEY, Justice. Appellant registered and licensed his motor vehicle with the appellee Commissioner of Revenues. The license expired on December 31, 1990, and on March 15, 1991, two and one-half months after the license expired, appellant sought to renew it. He signed an affidavit that he had not operated his car during the period that the license was expired. The Commissioner waived the penalty for failing to timely renew the license, *see* Ark. Code Ann. § 27-14-1004(b) (1987), and renewed the license with an expiration date of December 31, 1991. *See* Ark. Code Ann. §§ 27-14-601(b)(1) (1987), 27-14-1011(d) (Supp. 1991), 27-14-1013 (1987). Appellant objected to the expiration date being December 31 and contended that it should be changed to March 31. He subse-

quently filed suit in chancery court and alleged that the Commissioner's interpretation of the applicable statutes constituted an illegal exaction, that he should be given a refund for the two and one-half month period, and, in addition, that he should be allowed to collect refunds on behalf of all other car owners similarly taxed. The chancellor ruled that the complaint failed to state a claim for illegal exaction and dismissed the complaint. The chancellor's ruling was correct, and we affirm.

Appellant's complaint does not allege that the statutes imposing the registration and licensing renewal fees are illegal. Rather, it alleges that the Commissioner's interpretation of those statutes is in error. We have long held that such an allegation is not sufficient to state a claim for an illegal exaction. In *Pledger* v. *Featherlite Precast Corp.*, 308 Ark. 124, 823 S.W.2d 852 (1992), we wrote:

> [W]e have always held that if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie. *Schuman* v. *Ouachita County*, 218 Ark. 46, 134 S.W.2d 42 (1950). In *Taber* v. *Pledger*, 302 Ark. 484, 489, 791 S.W.2d 361, 364 (1990), we wrote that "a suit to declare a tax statute unconstitutional, and therefore void" comes within the illegal exaction provision, while a suit "to determine whether the taxpayer's transactions fall within an exemption created by statute" does not come within the section. More important, and precisely on point in this case, we have held that a flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, does not make the exaction itself illegal.

308 Ark. at 129, 823 S.W.2d at 856. We reaffirmed this holding only two weeks ago. *See Cook* v. *Department of Fin. and Admin.*, No. 92-670 (April 5, 1993).

Appellant's relief, if he is entitled to any, is under Ark. Code Ann. § 27-14-604(b), which provides: "Whenever the office through error collects any fee not required to be paid under this chapter, it shall be refunded to the person paying it upon application therefor made within six (6) months after the date of payment." If appellant filed for a refund in a timely manner, and, if it were denied, he could then appeal to circuit court.

Affirmed.